United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 1, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20973
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

OLEGARIO CUEVAS,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-894-1
--------------------

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Olegario Cuevas appeals his conviction and sentence for

illegal reentry after deportation, a violation of 8 U.S.C.

§ 1326.  Cuevas first argues that the district court should have

dismissed his indictment because he was denied his right to

retained counsel during the prior deportation proceeding, and

that the district court abused its discretion by failing to grant

an evidentiary hearing on this issue.  To challenge the validity

--------

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of an underlying deportation order, an alien must establish that:
(1) the prior deportation hearing was fundamentally unfair; (2)
the hearing effectively eliminated his right to seek judicial
review of the removal order; and (3) the procedural deficiencies
caused actual prejudice. United States v. Lopez-Vasquez, 227
F.3d 476, 483 (5th Cir. 2000).

Addressing the last requirement first, we conclude that
Cuevas has failed to show prejudice. "A showing of prejudice
means there was a reasonable likelihood that but for the errors
complained of the defendant would not have been deported [or
removed]." United States v. Benitez-Villafuerte, 186 F.3d 651,
658-59 (5th Cir. 1999)(internal quotation omitted). Cuevas first
asserts that an alien denied his right to representation is not
required to show prejudice. He has cited no precedent from this
court to support such a conclusion. In the alternative, he
asserts that he was eligible for a waiver of deportability under
8 U.S.C. § 1181(h). However, as Cuevas concedes in his brief,
this subsection clearly states that it does not apply to a lawful
permanent resident who has been subsequently convicted of an
aggravated felony. Cuevas was deported subsequent to a
conviction for aggravated robbery. We conclude that he has not
demonstrated prejudice.

Cuevas also contends that, in light of Apprendi v. New
Jersey, 530 U.S. 466 (2000), 8 U.S.C. § 1326(b) is
unconstitutional because it does not require a prior felony

conviction to be proved as an element of the offense.  Cuevas acknowledges that his argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he raises the issue to preserve it for Supreme Court review in light of <u>Apprendi</u>.

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>.  <u>Apprendi</u>, 530 U.S. at 489-90, 496; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).  This court must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it."  <u>Dabeit</u>, 231 F.3d at 984 (internal quotation marks and citation omitted).

AFFIRMED.